The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the arguments and briefs of the parties. Defendants, Kathy Hosiery Company, Inc. and The Phoenix Fund, have shown good grounds to reconsider the evidence. The Full Commission reverses the Deputy Commissioners Opinion and Award with respect to defendants, Kathy Hosiery Company and The Phoenix Fund, and enters the following Opinion and Award.
***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties in a Pretrial Agreement, as
 STIPULATIONS
1. All the parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of the parties and the subject matter. All the parties are subject to and bound by the provision of the North Carolina Workers Compensation Act. All parties have been correctly designated and there is no question as to misjoinder or non-joinder of parties.
2. At all relevant times herein, there existed between plaintiff and defendant-employers the relationship of employer-employee.
3. At all relevant times herein, defendant-employer Blue Ridge Products, Inc. was an approved self-insured for workers compensation purposes with Key Risk Management Services, Inc. acting as its adjusting agent, and defendant-employer Kathy Hosiery Co., Inc. was insured for workers compensation by The Phoenix Fund.
4. Plaintiffs average weekly wage at all relevant times herein was $165.36 per week while employed by Blue Ridge Products, Inc. and $251.17 per week while employed by Kathy Hosiery Company, Inc.
5. Plaintiff allegedly sustained an injury by accident or developed an occupational disease while in the course and scope of her employment with defendant-employers on September 22, 1996 and/or June 20, 1997.
6. From June 30, 1996 through September 27, 1996, plaintiff was employed by defendant-employer Blue Ridge Products, Inc., and from June 9, 1997 through June 20, 1997, she was employed by defendant-employer Kathy Hosiery Company, Inc.
7. The depositions and medical records of Drs. Mark McGinnis and Scott M. McCloskey and the deposition of Shellian C. Douglas are hereby made a part of this record.
8. The issues to be determined from this hearing are as follows:
a) Whether plaintiff sustained an injury by accident or developed an occupational disease while employed by either or both defendant-employers?
b) If so, what benefits, if any, is plaintiff entitled to receive, and from whom?
***********
The Full Commission rejects in part the findings of fact found by the Deputy Commissioner and finds as follows
 FINDINGS OF FACT
1. At the time of the onset of plaintiffs alleged occupational disease, she was a forty year old female with a ninth grade education. For all of her working life, plaintiff has performed jobs of a manual nature.
2. Plaintiff began her employment with defendant-employer Blue Ridge Products, Inc. on June 30, 1996 as a cushion gluer. As a cushion gluer, plaintiff was required to take a piece of foam rubber and put glue on it. Thereafter, she would place fabric on the foam rubber. She would then press the fabric to the foam rubber including pinching the fabric together around the edges to ensure that the fabric bonded. Plaintiff normally would glue approximately eighty to ninety furniture cushions together each shift.
3. After performing this job for approximately sixty days for defendant-employer Blue Ridge Products, Inc., plaintiff developed extremely sharp pain in both of her hands. She informed her supervisor of her hand pain.
4. Thereafter, on August 26, 1996, plaintiff was seen and treated by her family doctor, Dr. Scott Hoffman. Dr. Hoffman diagnosed her condition as carpal tunnel syndrome, took her out of work and referred her to Dr. Mark McGinnis, an orthopedic hand surgeon.
5. After plaintiff was taken out of work due to her apparent carpal tunnel syndrome and upper-extremity problems, she was terminated by defendant-employer Blue Ridge Products, Inc. It was explained to her that no light duty work was available and that the employer did not want to injure her hands. Plaintiff last worked for Blue Ridge Products, Inc. on September 27, 1996.
6. Plaintiff was unable to work from September 27, 1996 until June 9, 1997 when she became employed briefly with Kathy Hosiery Company, Inc. Plaintiff worked for ten (10) days as a knitting machine operator trainee for Kathy Hosiery Company, Inc. from June 9, 1997 through June 20, 1997 when there was a company-wide layoff and plaintiff was forced to leave for reasons unrelated to her condition. While working for Kathy Hosiery Company, Inc., plaintiff primarily used her left arm. Her main task was removing socks from the knitting machines. She would also occasionally bundle and tie the socks, thread the knitting machines and place spools of yarn onto the machines she was operating. Additionally, she would have to inspect the socks to ensure quality.
7. As a trainee plaintiff was required to perform at one-half the production rate of regular employees. She did not complain to anyone that she was experiencing problems with her hands during her employment with Kathy Hosiery Company, Inc. Significantly, plaintiff stated that none of her doctors told her that her work at Kathy Hosiery Company, Inc. contributed to her problems with her hands. Plaintiff continued to experience problems with her right hand after leaving Kathy Hosiery Company, Inc. and ultimately underwent surgery performed by Dr. McGinnis.
8. Plaintiff was initially seen by Dr. McGinnis on October 16, 1996. Dr. McGinnis initially diagnosed her condition as bilateral carpal tunnel syndrome. His final diagnosis was pronator syndrome in the forearm and median nerve entrapment at the right elbow. When plaintiff did not respond to conservative treatment, Dr. McGinnis performed right pronator syndrome surgery on August 21, 1997 after which time plaintiff was again unable to earn wages. Plaintiff was last treated by Dr. McGinnis in December 1997. Although Dr. McGinnis released plaintiff then to return to work with restrictions, she continued to experience problems.
9. Plaintiff was seen and treated by Dr. Scott M. McCloskey, a neurosurgeon, upon referral of Dr. Hoffman when she continued to experience problems following discontinuation of treatment with Dr. McGinnis. Dr. McCloskey initially saw and treated plaintiff on January 5, 1998. His initial diagnosis was right carpal tunnel syndrome. Thereafter, Dr. McCloskey additionally diagnosed her with tardy ulnar palsy of the right arm. He treated her condition surgically on January 20, 1998. Plaintiffs condition improved following her surgery, however she continued to have difficulty. Dr. McCloskey released plaintiff to return to work with restrictions but recommended further surgery which plaintiff did not opt to undergo. Dr. McCloskey last saw plaintiff on August 12, 1998.
10. Both Drs. McGinnis and McCloskey were of the opinion that plaintiffs position with Blue Ridge Products, Inc. placed her at an increased risk of developing carpal tunnel syndrome and other upper extremity problems. Furthermore, they felt that her position with Blue Ridge Products, Inc. was the cause of her upper extremity problems.
11. Dr. McGinnis, who is an expert in the field of orthopedic medicine and is board certified with a special certificate of qualification in hand surgery, did not feel that plaintiffs job with Kathy Hosiery Company, Inc. caused, contributed to, or aggravated plaintiffs hand symptoms or upper-extremity condition. Furthermore, he did not feel that her employment with Kathy Hosiery Company, Inc. placed her at an increased risk as compared to the general public. Dr. McGinnis indicated that the activities performed by a knitting operator required very little effort. Significantly, Dr. McGinnis did not feel that plaintiffs complaints of increased pain were caused by her job with Kathy Hosiery Company, Inc.
12. Although Dr. McCloskey was of the opinion that plaintiffs position with Kathy Hosiery Company, Inc. aggravated her pre-existing condition, the totality of the evidence reveals that plaintiff was not exposed to the hazards of her disease while employed with Kathy Hosiery Company, Inc. Furthermore, the testimony given by Dr. McCloskey relies on the left arm motion of a knitting machine operator, and in fact, it is actually the condition of plaintiffs right arm that is in question. Moreover, Dr. McCloskey stated that a person in plaintiffs position as a knitting operator who had no pre-existing problems would not be placed at an increased risk as compared to the general public. Therefore, since plaintiff did have pre-existing arm problems, Dr. McCloskeys testimony is insufficient to show that plaintiff was exposed at Kathy Hosiery Company, Inc. to the hazards of her disease. Finally, Dr. McGinnis, a well-qualified expert in orthopaedic hand surgery, was plaintiffs treating physician both during and after her employment with both defendant-employers and is therefore in the best position to determine medical issues relating to causation, increased risk and last injurious exposure. Greater weight is therefore given to the opinion of Dr. McGinnis.
13. Plaintiffs suffers from an occupational disease as a result of her employment with defendant-employer Blue Ridge Products, Inc.
14. Plaintiffs condition was not proximately augmented by her employment with defendant-employer Kathy Hosiery Company, Inc.
15. Plaintiff has not been capable of earning wages in any employment as a result of her occupational disease from August 27, 1996 until June 9, 1997. Plaintiff returned to work at the same or greater wages on June 9, 1997 and retained this wage earning capacity after her layoff for reasons unrelated to her occupational disease. Thereafter, on August 21, 1997, plaintiff again became unable to earn wages in any employment as a result of her surgery for conditions related to her occupational disease.
16. While working with defendant-employer Blue Ridge Products, Inc., plaintiffs average weekly wage was $165.36, which yields a weekly compensation rate of $110.24.
17. Plaintiff was referred by her attorney to Shellian C. Douglas with the North Carolina Division of Vocational Rehabilitation. Vocational and psychological evaluations of plaintiff were performed to determine her job capacity based upon her medical limitations, education, and experience. It was determined that there is limited suitable employment available to plaintiff. In fact, plaintiff applied for a job at Pet Smart but did not receive an offer of employment. Plaintiff is in need of continued vocational rehabilitation. However, plaintiffs work restrictions must be clarified. Therefore, plaintiff must return to Dr. McGinnis who initially served as her treating physician for a current assessment of her physical capacity.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. As a result of her employment with defendant-employer Blue Ridge Products, Inc., plaintiff sustained an occupational disease. Plaintiffs condition was not augmented by her employment with Kathy Hosiery Co., Inc. G.S. 97-53(13) and G.S. 97-57.
2. Plaintiff is entitled to receive from defendant-employer Blue Ridge Products, Inc., temporary total disability benefits from August 26, 1996 to June 9, 1997 and from August 21, 1997 and continuing until plaintiff returns to work at the same or greater wage or further order of the Commission. G.S. 97-29 and G.S.97-47.
3. Subject to the provisions of G.S. 97-25.1, plaintiff is entitled to necessary medical treatment and vocational rehabilitation incurred as a result of her occupational disease so long as it tends to effect a cure, provide relief or lessen plaintiffs period of disability. G.S. 97-25 and G.S. 97-25.1.
***********
 AWARD
1. Subject to counsel fees hereinafter approved, defendant-employer Blue Ridge Products, Inc. shall pay plaintiff temporary total disability compensation from August 26, 1996 to June 9, 1997 and from August 21, 1997 and continuing until plaintiff returns to work at the same or greater average weekly wage or further order of the Commission. All accrued compensation shall be paid in one lump sum.
2. Defendant-employer Blue Ridge Products, Inc. shall pay for vocational rehabilitation and all medical expenses and incurred or to be incurred by plaintiff, subject to G.S. 97-25.1, as a result of the compensable occupational disease when bills for same have been submitted and approved in accordance with Industrial Commission procedure, for so long as such evaluations, treatments and examinations may reasonably be necessary to effect a cure, provide relief or lessen plaintiffs period of disability.
3. A reasonable attorneys fee in the amount of twenty-five percent (25%) of the accrued and ongoing compensation awarded plaintiff is hereby approved. The attorneys fees shall be deducted from the accrued and ongoing compensation due plaintiff and paid directly to plaintiffs counsel in a lump sum from the accrued amount and thereafter by every fourth check.
4. Defendant-employer Blue Ridge Products, Inc. shall pay the costs due the Commission.
 ORDER
Plaintiff is hereby Ordered to return to Dr. McGinnis for an evaluation concerning current work restrictions to facilitate the vocational rehabilitation process.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
DCS:nwg